IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | | |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 21-361 |
| | ) | |
| | ) | |
| CROWN CORK & SEAL, USA, INC. | ) | |
| and CROWN CORK & SEAL CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

The United States, through its undersigned attorneys, brings this action and alleges the following:

1. This is an action to enforce monetary civil penalties pursuant to 19 U.S.C. § 1592.

2. Pursuant to 28 U.S.C. § 1582, this Court possesses exclusive jurisdiction to entertain this action.

3. Defendant Crown Cork & Seal Company, Inc. (CCS) is a Pennsylvania corporation, founded in 1892, with a business address of 770 Township Line Road, Yardley, Pennsylvania 19067. CCS has been importing merchandise into the United States since at least 1994, and supplies metal lids for food, beverage, household and consumer products. CCS is a wholly owned subsidiary of Crown Holdings, Inc.

4. Crown Holdings, Inc. is a Pennsylvania corporation, with a business address of 770 Township Line Road, Yardley, Pennsylvania 19067. Crown Holdings claims that it is a worldwide leader in the design, manufacture and sale of packaging products for consumer goods. Crown Holdings' primary products include steel and aluminum cans for food, beverage, household and other consumer products, and a wide variety of metal and plastic lids, closures and dispensing systems.

5.      Defendant Crown, Cork & Seal, USA (CCS USA) is a Delaware corporation, with a business address of 770 Township Line Road, Yardley, Pennsylvania 19067.  CCS USA is a direct subsidiary of CCS.  In 1998, CCS USA began importing merchandise into the United States.  Like CCS, CCS USA supplies metal lids for food, beverage, household and consumer products.

6.      During the period from on or about June 27, 2004, through on or about May 11, 2009 ("subject period"), defendants CCS, CCS USA, and their co-conspirators caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain merchandise, consisting of metal end/lids for cans ("metal lids"), under cover of 543 entries ("subject entries") that are identified in Exhibit A to this complaint.

7.      The merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions. Specifically, the metal lids identified in the subject entries were used to seal metal food cans and had pull tabs that enabled consumers to easily open the containers to access the contents.  The correct tariff classification of these metal lids under the Harmonized Tariff Schedule of the United States ("HTSUS") was 8309.90.0000, covering "Stoppers, caps and lids (including crown corks, screw caps, and pouring stoppers), capsules for bottles, threaded bungs, bung covers, seals and other packing accessories, and parts thereof, of base metal:  Other [than Crown corks (including crown seals and caps), and parts thereof]."  HTSUS subheading 8309.90.0000 had a 2.6 percent *ad valorem* duty rate during the Subject Period.

8.      The agents and employees of CCS and CCS USA who supplied information used relating to the classification of metal lids by those companies, and used by brokers to classify the metal lids, were acting within the scope of their authority at CCS and CCS USA.

9. The agents and employees of CCS and CCS USA who supplied information used relating to the classification of metal lids by those companies were aware of the difference in classification between metal lids imported from Europe and metal lids imported from Canada.

10. During the subject period, CCS and CCS USA purchased metal lids from Crown Holdings' subsidiaries located in several European countries, including Great Britain, France, Italy and Spain.

11. Defendants CCS and CCS USA knowingly misdescribed and misclassified the metal lids as "Other articles of iron or steel: Other: Of tinplate" under the duty-free HTSUS subheading 7326.90.1000. In addition, defendants CCS and CCS USA falsely identified the importer of record name and/or the importer of record number on entry documents for the subject entries.

12. Metal lids are *not* classified under 7326.90.1000, HTSUS, because they are more specifically provided for under HTSUS subheading 8309.90.9000 under General Rule of Interpretation 3(a) of the HTSUS.

13. The false statements referenced in paragraphs 7 through 11 were material in that they had the potential to impact the determinations of U.S. Customs and Border Protection (CBP) regarding the true importer/owner of the merchandise and the amount of duty owed on the entries.

14. The material false statements referenced in paragraphs 7 through 11 were made by defendants CCS USA and CCS knowingly, and thus fraudulently, because, in contrast to their classification of the 543 subject entries of metal lids from Crown Holdings manufacturers in Europe, during the subject period, defendants CCS USA and CCS imported identical or similar shipments of metal lids from Canada, and correctly described and classified those metal lids as, "Stoppers, caps and lids (including crown corks, screw caps, and pouring stoppers), capsules for

bottles, threaded bungs, bung covers, seals and other packing accessories, and parts thereof, of base metal: Other [than Crown corks (including crown seals and caps), and parts thereof]" under HTSUS subheading 8309.90.0000.  From 2004 through 2009, defendants CCS USA and CCS entered 3,051 lines of merchandise from Canada under subheading 8309.90.0000 HTSUS, while only entering 4 lines of merchandise from Canada under 7326.90.1000.  In other words, 99.99 percent of the time, defendants CCS USA and CCS used HTSUS subheading 8309.90.0000 for Canadian merchandise during the subject period.

15.     During the subject period, the North American Free Trade Agreement ("NAFTA") eliminated duties for metal lids.  Consequently, defendants CCS USA and CCS were not required to pay duties for Canadian metal lids entered under HTSUS subheading 8309.90.000, but CCS USA and CCS *were* required to pay a 2.6 percent *ad valorem* duty rate under HTSUS subheading 8309.90.0000 for metal lids from Europe.

16.     The material false statements referenced in paragraphs 7 through 11 constitute violations of 19 U.S.C. § 1592(a).

17.     As a direct result of CCS USA and CCS filing false documents with CBP, the United States was deprived of $1,114,786.81 in lawful duties and fees, all of which have subsequently been paid.

18.     As a direct result of CCS USA and CCS filing false documents with CBP, the United States had the potential of being deprived of $150,523.83 in lawful duties and fees.

19.     On August 8, 2016, CBP issued a joint pre-penalty notice to CCS USA and CCS for the Subject Entries, notifying CCS USA and CCS of violations of 19 U.S.C. § 1592(a) relating to the entry of 543 entries merchandise that were misclassified by CCS USA and CCS between June 27, 2004 and May 2009.  CBP issued the pre-penalty notice at culpability levels of fraud, and alternatively, gross negligence and negligence.

20.     CBP received responses from defendants through their legal counsel.  After considering the responses, CBP determined that defendants CCS USA and CCS committed violations of 19 U.S.C. § 1592(a) for which a penalty should be issued.

21.     On March 6, 2017, CBP issued a joint penalty notice to CCS USA and CCS, notifying CCS USA and CCS of violations of 19 U.S.C. § 1592(a) relating to the entry of 543 entries merchandise that were misclassified by CCS USA and CCS between June 27, 2004 and May 2009.  CBP issued the penalty notice at culpability levels of fraud, and alternatively, gross negligence and negligence.  All petitions for mitigation have been decided by CBP in accordance with applicable laws and procedures.

22.     Defendants CCS USA and CCS have not paid any portion of the penalty assessed by CBP.  Consequently, defendants CCS USA and CCS remain jointly and severally liable to the United States for the full amount of the penalty demanded by CBP.

## COUNT I

23.     The allegations contained in paragraphs 1 through 22 above are restated and incorporated by reference.

24.     The material false statements described in paragraphs 7 through 11 were committed, submitted, made, or caused by defendants CCS and CCS USA knowingly and, thus, constitute fraudulent violations of 19 U.S.C. § 1592(a)(1)(A).

25.     As a result of the fraudulent violations of 19 U.S.C § 1592(a) described above, pursuant to 19 U.S.C. § 1592(c)(1), defendants CCS and CCS USA are jointly and severally liable for a monetary civil penalty in the amount of $18,092,348.96.  The penalty is less than the domestic value of the subject entries.

26.     No part of the $18,092,348.96 having been paid, defendants CCS and CCS USA remain jointly and severally liable to the United States for the entire $18,092,348.96 penalty, plus interest as provided by law.

**COUNT II**

27.     The allegations contained in paragraphs 1 through 26 above are restated and incorporated by reference.

28.     In the event that the finder of fact determines that the acts described in paragraphs 7 through 11 were not the result of fraud, then they were the result of gross negligence in violation of 19 U.S.C. § 1592(a)(1)(A) because defendants CCS and CCS USA acted with actual knowledge of or wanton disregard for the relevant facts and with indifference to, or disregard for, their obligations under the customs laws.

29.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), defendants CCS and CCS USA are jointly and severally liable for a penalty in the amount of $5,169,242.56, plus interest as provided by law.  The penalty is equal to four times the duties, taxes and fees of the entries listed in Exhibit A, of which the United States was deprived or potentially deprived, and is less than the domestic value of the subject entries.

**COUNT III**

30.     The allegations contained in paragraphs 1 through 29 above are restated and incorporated by reference.

31.     In the event that the finder of fact determines that the acts described in paragraphs 7 through 11 were not the result of fraud or gross negligence, then they were the result of negligence in violation of 19 U.S.C. § 1592(a)(1)(A) because defendants CCS and CCS USA failed to exercise reasonable care and competence to ensure that statements made and

information provided in connection with the importation of the merchandise were complete and accurate.

32.     By reason of these negligent violations, pursuant to 19 U.S.C. §§ 1592(c)(3), defendants CCS and CCS USA are jointly and severally liable for a penalty in the amount of $2,584,621.28, plus interest as provided by law.  That penalty is equal to two times the duties, taxes and fees of the entries listed in Exhibit A, of which the United States was deprived or potentially deprived, and is less than the domestic value of the subject entries.

### PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that:

1. the Court enter judgment against defendants CCS and CCS USA, jointly and severally, for:

Count I:  violations of section 1592(a)(1)(A), at a culpability level of fraud, for a civil penalty in the amount of $18,092,348.96, plus interest as provided by law, and such other relief as may be just and appropriate; or, in the alternative;

Count II:  violations of section 1592(a)(1)(A) at a culpability level of gross negligence, a civil penalty in the amount of $5,169,242.56, plus interest as provided by law, and such other relief as may be just and appropriate; or, in the alternative;

Count III:  violations of section 1592(a)(1)(A) at a culpability level of negligence, a civil penalty in the amount of $2,584,621.28, plus interest as provided by law, and such other relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director


/s/ William Kanellis
WILLIAM KANELLIS
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW, Suite 10000
Washington, D.C.  20009
(202) 532-5749

Attorneys for Plaintiff

OF COUNSEL:
PHILIP HISCOCK
Senior Attorney
U.S. Customs and Border Protection
Office of the Associate Chief Counsel
610 S. Canal St., Ste. 767
Chicago, IL 60607

Dated:  July 28, 2021