UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| THE UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> CROWN CORK & SEAL, USA, INC., and CROWN CORK & SEAL CO., INC., <br><br> Defendants. | Court No. 21-00361 |

# JOINT INTERIM STATUS REPORT

William Kanellis
Franklin E. White, Jr.
Patricia M. McCarthy
Bryan M. Boynton

**U.S. Department of Justice**
1100 L Street, NW, Suite 10000
Washington, D.C. 20009
Tel: (202) 532-5749

*Attorneys for Plaintiff*

Jackson D. Toof
Leah N. Scarpelli

**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
Email: jackson.toof@afslaw.com
        leah.scarpelli@afslaw.com

*Counsel for Defendants Crown Cork & Seal, USA, Inc. and Crown Cork & Seal Co., Inc.*

Dated: September 8, 2023

Pursuant to Paragraph No. 9 of the Court's Scheduling Order dated June 30, 2023 [ECF No. 51] (the "Scheduling Order"), counsel for Plaintiff and Defendants submit this Joint Interim Status Report concerning the nature of the matters in issue and the progress of discovery to date:

### A. Plaintiff's Status Update

1. Discovery in this matter has been delayed for various reasons. Because of the age of the events underlying this case, and the breadth of defendants' discovery requests, the United States has had challenges identifying, retrieving and collecting files pertaining to Defendants' discovery requests.

2. Defendants submitted to the Government 52 requests for production. Many of these records were not relevant to the Government's penalty issued against Defendants, and were thus not relied upon by the Government in issuing the penalty. Nor does the Government expect to rely upon these documents at trial.

3. Because these requested records did not underlie the Government's penalty, they are not immediately at hand. Thus, to respond to Defendants' interrogatories and requests for production, the Government must first determine whether the documents requested by

Defendants exist, and then retrieve, review and organize them. This involves performing scores of word-related searches through archived Government databases to detect responsive documentation. This process – which encompasses searches of thousands of Government employee files - is substantial and involves a significant amount of time.

4. The ability to search for and retrieve any responsive documents has also been delayed by a significant, unexpected and adverse medical episode, beginning in July 2023, experienced by an immediate family member of the person directing the retrieval and organization of these archived records. That person has been required to and continues to personally tend to this ailing family member, adding to the challenge of conducting searches through these archives and producing responses to defendants' request.

5. Notwithstanding these impediments, the Government provided its initial responses to Defendants' interrogatories on September 1, 2023, and provided access to Defendants for the available and relevant non-privileged documents on September 5. This first response amounted to more than 9,000 pages of records.

6. The Government anticipates that within three weeks of this filing, the searches of the archives will be completed and Government counsel will have had an opportunity to review these records and complete its response to Defendants' discovery requests.

**B.  Defendants' Status Update**

7. The progress of discovery is slow. Defendants Crown Cork & Seal, USA, Inc. ("Crown USA") and Crown Cork & Seal Co., Inc. ("CCK") (collectively, "Defendants" or "Crown") served their First Request for Interrogatories (the "Interrogatories") and First Set of Requests for Documents (the "Document Requests," and together with the Interrogatories, the "Discovery Requests") on Plaintiff on July 21, 2023.

8. Pursuant to Rules USCIT Rules 33 and 34, response to these Discovery Requests were due on or before August 21, 2023. Plaintiff did not serve responses on August 21, nor did Plaintiff correspond with Defendants at that time regarding the status of its responses or to ask for an extension of time to serve its responses.

9. Counsel for Defendants followed up by email with counsel for Plaintiff on August 28, and was advised that Plaintiff "was Bates numbering the first set of documents and will send them soon." Counsel

for Defendants again followed up via email on Friday, September 1 (before the Labor Day weekend) to inquire as to the status of the Plaintiff's responses to Crown's Discovery Requests, and was advised by counsel for Plaintiff that they "have had difficulty accessing archived files, which we need to respond to a few interrogatories." Plaintiff then served its Response to Defendants' Interrogatories on September 2, 2023.[1]

10. Plaintiff eventually provided an initial production of documents on September 5, 2023.

11. As of the date of this filing:

   a. Plaintiff has not served its Responses to Defendants' First Request for Documents (which were due by August 21), nor has it requested a courtesy extension from Defendants.

   b. Plaintiff has not served Defendants with any discovery requests.

12. In addition to the discovery delays identified above, Defendants have experienced challenges in obtaining relevant

---

[1] Counsel for Crown conferred with counsel for Plaintiff via email concerning the delays, in an attempt to resolve the discovery issues rather than bother the Court with a motion to compel. Counsel for Plaintiff advised counsel for Defendants that responses and documents were/are forthcoming, and Plaintiff produced an initial set of documents on September 5, but the fact remains that discovery has been delayed. Moreover, Crown advised Plaintiff during the meet-and-confer process that Crown reserves the right to assert that the Government has waived its objections to the Discovery Requests.


third-party discovery relating to the brokers involved in the import process due, in part, to conflict issues as well as the age and staleness of the discovery sought (*i.e.*, 2004-2009 is the relevant time period).

13. Pursuant to Paragraph No. 3(b), fact discovery closes November 10, 2023. In light of the ongoing discovery delays and challenges, Defendants believe a modification of the Scheduling Order is necessary to complete fact discovery and then move into expert discovery. This will be the first request to modify the Scheduling Order.

14. Plaintiff has agreed in principle to extend the current discovery deadlines. Defendants will work with Plaintiff to reach agreement on modifications to the deadlines within the Scheduling Order without Court intervention and, upon agreement of new deadlines, will file an appropriate consent motion and proposed order with the Court. In the event the parties still cannot reach agreement, Crown will file a motion to modify the Scheduling Order.

Respectfully Submitted,

| | |
|---|---|
| **/s/ William Kanellis** | **/s/ Jackson D. Toof** |
| William Kanellis | Jackson D. Toof |
| Franklin E. White, Jr. | Leah N. Scarpelli |
| Patricia M. McCarthy | |
| Bryan M. Boynton | **ArentFox Schiff LLP** |
| | 1717 K Street, NW |
| **U.S. Department of Justice** | Washington, DC 20006 |
| 1100 L Street, NW, Suite 10000 | Tel: (202) 857-6000 |
| Washington, D.C. 20009 | Fax: (202) 857-6395 |
| Tel: (202) 532-5749 | jackson.toof@afslaw.com |
| | leah.scarpelli@afslaw.com |
| *Attorneys for Plaintiff* | |
| | *Counsel for Crown Cork &* |
| Philip Hiscock | *Seal, USA, Inc. and Crown* |
| U.S. Customs and Border Protection | *Cork & Seal Co., Inc.* |
| 610 S. Canal St. Ste. 767 | |
| Chicago, IL 60607 | |
| | |
| *Of Counsel* | |